## HAESSLY v. SCHREMBS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8383. Decided September 17, 1928.

(Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**NEGLIGENCE.**
(370 C2) Plaintiff, who being thoroughly familiar with conditions and proper operation of swinging doors, selects hazardous method of operation, and is injured thereby, is guilty of such contributory negligence, as to preclude recovery.

Error to Common Pleas.

Judgment affirmed.

Henry Galon, Cleveland, for Haessly.
Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Schrembs.

### STATEMENT OF FACTS.

Anna Haessly, by her amended petition in the Common Pleas Court alleged that the defendant, as Bishop of the Roman Catholic Diocese of Cleveland owned the church at 4129 Superior Avenue, in the City of Cleveland; that plaintiff was injured while attempting to pass out of the church; that her injury was sustained by being struck by a swinging door which the plaintiff had pulled inwardly and which being released swung back with great force and struck her as she was passing out of the church. It was alleged that the defendant was negligent in maintaining an unsafe step on the outside of the church; in permitting the door to swing inwardly; and generally with failing to furnish a safe place of egress from the church. The answer was a denial of negligence and a plea of contributory negligence. Upon the trial of the case the court arrested the case at the conclusion of the testimony and entered judgment for the defendant. This proceeding is to reverse that judgment.

MAUCK, J.

If we assume the liability of the defendant and a showing of negligence against him, we find, notwithstanding, that there was such a showing of contributory negligence as to preclude recovery. If the door in question was unsafe, it was no new condition. The plaintiff was a member of the church and a frequent attendant. She was familiar with all its doors including the one in question. The doors were heavy and when opened required a hard pull. When released they returned with great force. One seeking egress could push either door outwardly and stepping out of the arc of the door's swing, be out of any possible danger of injury, or one could by a handle, pull the left door inwardly and place himself in the range of the door's return, exposing himself to such force as might be behind the released door. The plaintiff elected the first and the only

hazardous method. She was familiar with the whole situation both from previous uses she had made of this particular door, and from the exertion required of her on this particular occasion to pull open this particular door. Her testimony raised a presumption of her own contributory negligence and there was nothing to dissipate the presumption thus raised. Assuming, therefore, but not deciding that the defendant was negligent in the first instance, the trial court was right in entering judgment for the defendant upon the plaintiff's own showing of contributory negligence.

Railroad Company v. McClellan, 69 OS. 142.
(Middleton, PJ., concurs.)